ATLAS ASSURANCE COMPANY, LIMITED, Appellant, *v.* JOHN L. DUDLEY, JR., COMPANY, Defendant, Impleaded with JOHN L. DUDLEY and Others, Respondents.

First Department, April 17, 1919.

**Principal and agent — insurance — when officers of corporation acting as agent for fire insurance company not liable for conversion of premiums collected — contract authorizing use of premiums by agent.**

Where a foreign corporation engaged in conducting the business of fire insurance authorized a domestic corporation, as its agent, to solicit insurance within specified territory, and to retain and use the premiums collected for a certain period, the officers of said domestic corporation in authorizing the drawing of checks on its bank account in the regular course of its business before premiums collected became due and payable to said foreign corporation, were guilty of no wrongdoing and were not liable for conversion on account of the inability of the corporation to make payments on demand.

APPEAL by the plaintiff, Atlas Assurance Company, Limited, from part of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 28th day of June, 1918, upon the dismissal of the complaint as to the respondents by direction of the court at the close of plaintiff's case, and upon the verdict in plaintiff's favor against the defendant John L. Dudley, Jr., Company, later rendered. The appeal is taken only from that part of the judgment which dismisses the complaint as to the respondents. The plaintiff also appeals from an order entered in said clerk's office on the 24th day of April, 1918, denying its motion to set aside the dismissal of the complaint as to the individual defendants.

*Frederick T. Case* of counsel [*Joseph Greenberg* with him on the brief], for the appellant.

*Joseph Thurlow Weed* of counsel [*William Otis Badger, Jr.,* attorney], for the respondent King.

*W. Benton Crisp* of counsel [*Theodore M. Crisp* with him on the brief; *Crisp, Randall & Crisp,* attorneys], for the respondent Wood.

LAUGHLIN, J.:

This is an action for conversion. The plaintiff is a foreign corporation engaged in conducting the business of fire insurance in the city of New York and elsewhere. The defendant company is a domestic corporation engaged in business as an agent for fire insurance companies. The individual defendants and another, whose name was not disclosed, were the directors and officers of defendant company at all times alleged in the complaint with the exception that the defendant Wood did not become a director until the 1st day of February, 1914.

On or about the 1st day of February, 1914, the plaintiff authorized the defendant company as its agent to solicit fire insurance within specified territory and also authorized it to issue insurance policies in the name of the plaintiff and to collect the premiums thereon. The defendant company was required to render to the plaintiff monthly statements or accounts showing the policies that had been issued and the amount of the premiums thereon, less premiums returned or paid by the defendant company to the assured on account of cancellations and reductions and less its commissions and charges for effecting the insurance; but it was not required to remit for the premiums at the time of rendering such statements of the account. By virtue of the provisions of the contract the balance shown in favor of the plaintiff on each account became due and payable to it by the defendant company ninety days after the rendition of the account, whether the premiums included therein had been actually collected or not. All such balances down to and including the balance for the month of April, 1914, were duly paid by the defendant company; but part of the balances in favor of the plaintiff shown by the subsequent monthly accounts, aggregating $7,509.70, and interest thereon amounting to $1,501.94, making a total of $9,011.64, was not paid. Demand therefor was duly made by the plaintiff and thereafter this action was brought against the company and the individual defendants on the theory that the moneys were received in a fiduciary capacity and were converted by the defendant company and its officers to their own use.

There was no evidence that any individual defendant

appropriated any moneys of the company to his own use. The evidence merely shows that as officers of the company they authorized the use of the money for the company in the ordinary course of business by drawing checks on its bank account to the credit of which the premiums were deposited with its other funds. The evidence shows that the defendant company was not required under its agreement with plaintiff to hold the premiums as a separate fund, but on the contrary it appears that it had a power of attorney to deposit the checks received for premiums in its own bank account which was the course pursued.

Section 38 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33) provides as follows:

" Every person appointed or acting in this State as agent of any insurance corporation who receives or collects any moneys as such agent, shall be responsible in a trust or fiduciary capacity to such corporation therefor."

A recovery was had against the defendant company and no appeal was taken by it therefrom. The point, therefore, as to whether the plaintiff's agreement by which the defendant company was at liberty to deposit the premiums in its bank account withdrew from the plaintiff the benefit of these statutory provisions is not presented for decision. It is quite clear, however, that the necessary effect of that agreement was to authorize the use of the premiums by the defendant company until under the contract it became its duty to remit to the plaintiff therefor. With a specified period of time during which the defendant company was permitted to retain the premiums and with this agreement by which it was also permitted to deposit them to its credit in its bank account — it necessarily follows that the defendant company was to have the use of the money in the interim. That being so, I am of opinion that, regardless of what the *ultimate* duty and liability of the defendant company to the plaintiff was with respect to paying or accounting for the premiums, the officers of the defendant company in authorizing the drawing of checks on its bank account in the regular course of its business, in the meantime and before the premiums became due and payable to the plaintiff, were guilty of no wrongdoing. In these circumstances if the inability of the company

to make the payments rendered it liable to plaintiff for conversion, a point upon which we express no opinion, in no event did the officers become liable for conversion on account of the inability of the company to make the payments on demand.

The judgment and order, therefore, were right and should be affirmed, with costs.

CLARKE, P. J., PAGE, SHEARN and MERRELL, JJ., concurred.

Judgment and order affirmed, with costs.